IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANEAN J. GOODWIN, ) | 8:07CV199 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant ) | |

This social security appeal is in an unusual procedural posture. For reasons I shall explain, I will reverse the decision of the Commissioner and remand this action pursuant to sentence four of 42 U.S.C. § 405(g).

*I. BACKGROUND*

Plaintiff filed an application for disability and supplemental security income benefits on May 16, 2002. She initially alleged the onset of her disability was December 11, 2001, and then changed the onset date to May 16, 2002. That application was denied by an Administrative Law Judge ("ALJ") on April 30, 2004. The Appeals Council denied review. In 2005, Plaintiff filed a complaint in this court seeking review of the Commissioner's denial of benefits and the Commissioner filed a motion for sentence four remand in lieu of an answer. (Case no. 8:05CV103, Filing 9.) Judgment directing a sentence four remand was entered in that 2005 case. (Case no. 8:05CV103, Filing 11.) Upon remand, the application made its way to a new ALJ, who held a hearing on January 31, 2006 and denied benefits in a June 20, 2006 decision. Among other things, the ALJ discounted the January 2004 medical

questionnaire completed by rheumatologist Jay Kenik, M.D. regarding the effects of Plaintiff's fibromyalgia, in part because Dr. Kenik was not then a treating physician, and relied upon the opinions of a medical consultant expressed in September 2002 before Plaintiff had been definitively diagnosed with fibromyalgia. (T. 379, 384.) The Appeals Council denied review on March 20, 2007. Plaintiff filed a new complaint in this court seeking review of the second denial of benefits, and that case is now before me. The Commissioner filed an answer generally denying the allegations of the Complaint (filing 11) and a certified copy of the transcript of the administrative record (filing 12).

Plaintiff's reply brief was the first indication of an irregularity in the transcript. It asserted that she had timely submitted additional medical evidence to the Appeals Council as part of her request for review of the ALJ's 2006 decision, but that this evidence was inexplicably missing from the certified transcript filed in this court. (Filing 22 at 1 (brief); Filing 22 at Cm/ECF pages 10-33 (missing evidence) .) That evidence includes a July 2006 assessment by Dr. Kenik and additional treatment notes of Dr. Kenik. I entered an order directing the parties to clarify whether the Appeals Council had considered the "missing" evidence and whether it should be considered part of the record. (Filing 23.) The Commissioner filed a response indicating it did "not object to the inclusion of the material submitted by Plaintiff into the record," that a supplemental transcript would be submitted, and that the "missing" material did not warrant reversal of the ALJ's decision. (Filing 24 at 1.) Plaintiff asserted that the material should be considered part of the record, and argued that the ALJ's decision was not supported by substantial evidence in the record as a whole–including the "missing" evidence. (Filing 25.)

Rather than filing a supplemental transcript, the Commissioner instead filed a declaration of Howard Kelly, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Filing 29-2.) Mr. Kelly's declaration stated

that the additional medical evidence in question was submitted with the claimant's timely exceptions to the decision of the Administrative Law Judge "but was inadvertently omitted from the file submitted to, and considered by[,] the Appeals Council." (Case No. 8:07CV199, Filing 29-2 ¶ 3(c).) The Commissioner filed a motion for a sentence six remand (although it had already filed an answer and brief asserting that the decision of the ALJ was supported by substantial evidence in the record as a whole) so that the Appeals Council could consider the ALJ's decision in light of the "inadvertently omitted" evidence. (Filing 26 (motion for remand).) Plaintiff resists the motion for remand, noting the long delay in resolving her 2002 application for benefits and asserting that the issue before the court is "whether the ALJ's determination is supported by substantial evidence on the record as a whole, including new evidence submitted after the determination was made." (Filing 28 at 1-2.)

## II. ANALYSIS

Both parties miss the point. Neither specifically addresses the nature of this court's review or pinpoints what this court is reviewing. Plaintiff offers no authority for the proposition that the record should include medical evidence admittedly not considered by the Appeals Council because the Commissioner's administrative staff mistakenly did not present that material to the Appeals Council, and when the Commissioner seeks remand for consideration of that evidence. The Commissioner ignores whether there is statutory authority for a reviewing court to grant a motion to remand made by the Commissioner–when that motion is made after the Commissioner has answered and when the remand is for consideration of evidence that was timely submitted by Plaintiff to the Appeals Council.

*Appeals Council Review and Judicial Review*

This case requires clarification of the nature of Appeals Council review and of judicial review. The regulations provide that the Appeals Council must review a case if there is an abuse of discretion by the ALJ, there is an error of law, the decision of the ALJ is not supported by substantial evidence, or there is a broad policy or procedural issue that may affect the general public interest. 20 C.F.R. § 404.970 (a). The regulations also provide that when evidence that was not submitted to the ALJ is submitted to the Appeals Council in an attempt to gain review, the Appeals Council must determine whether that evidence is "new and material" and "relates to the period on or before the date of the ALJ's decision." 20 C.F.R. § 404.970(b).[1] If the new evidence meets these criteria, then the Appeals Council must review the entire record, including the new evidence, to determine whether the ALJ's decision is contrary to the weight of the evidence of record–including the new evidence before the Appeals Council. 20 C.F.R. § 404.970(b).

Generally, a reviewing court reviews the final decision of the Commissioner to determine whether there were errors of law in reaching that final decision and

---

[1]Regarding new evidence, the regulation provides

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the Administrative law judge decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the Administrative law judge's action, findings, or conclusion is contrary to the weight of evidence currently of record.

20 C.F.R. § 404.970(b).

whether that decision is supported by substantial evidence in the record as a whole. *E.g.*, *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1151 (8th Cir. 2004). If the Appeals Council grants review, its decision upon review (absent remand to the ALJ) is the final decision of the Commissioner. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). If the Appeals Council denies review, the decision of the ALJ is the final decision of the Commissioner and the reviewing court does not evaluate the Appeals Council's decision to deny review but rather "determines 'whether the record as a whole, *including the new evidence*, supports the ALJ's determination.'" *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000) (emphasis added).[2]

When additional evidence is submitted to the Appeals Council in an attempt to obtain review of an ALJ's decision, and the Appeals Council denies review *with an express finding that the additional evidence is not new or material*, a reviewing court has jurisdiction to determine whether the Appeals Council erred in determining that the evidence was not "new" or "material" within the meaning of 20 C.F.R. 404.970(b). *Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir 1990) (court reviewed whether "Appeals Council erred in determining that additional medical evidence presented to it was neither new nor material under section 404.970(b)," found that the additional evidence was new and material, and remanded for consideration of the additional evidence). The Court of Appeals has found that this review is grounded in "[j]urisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations," as opposed to review of the "non-final, substantive decision [of the Appeals Council] to deny review." *Browning*, 958 F.2d at 822-23.

---

[2]If the only question before me was whether there was substantial evidence in the record as a whole to support the decision of the ALJ, the additional medical evidence in question could not be considered part of the record because the Commissioner has admitted that although Plaintiff timely submitted it to the Appeals Council, it was never provided by the Commissioner's administrative staff to the Appeals Council.

*Effect of the Commissioner's Admission*

Under the odd circumstances of this case, it is unclear whether this court is reviewing whether the Appeals Council complied with the procedural requirements of section 404.970(b) of the regulations, or whether it is reviewing the ALJ's 2006 decision to determine whether there was legal error or whether the denial of benefits is supported by substantial evidence. If the review is to determine whether the Appeals Council complied with the procedural requirements of section 404.970(b), it is unclear whether the admitted failure of the Commissioner's staff to even present evidence to the Appeals Council when that evidence was timely submitted by the claimant's counsel constitutes a procedural error of law requiring remand, or whether a reviewing court should consider this to be procedural error requiring a remand only if it finds that the evidence is "new and material" and "relates to the period on or before the date of the ALJ's decision," within the meaning of 20 C.F.R. § 404.970(b). I need not determine the specific nature of this court's review, as under each type of review error requires remand or the award of benefits, and the Commissioner has admitted error.

I interpret the admission in Mr. Kelly's declaration to the effect that the additional medical evidence in question was submitted with the claimant's timely exceptions to the decision of the Administrative Law Judge "but was inadvertently omitted from the file submitted to, and considered by[,] the Appeals Council" (Filing 29-2 ¶ 3(c)), combined with the Commissioner's motion for remand (Filing 26), to be an admission that the evidence in question is new, material, and timely within the meaning of 20 C.F.R. § 404.970(b) such that it is admitting Appeals Council error under a *Williams* analysis, or, alternatively, that there were errors of law in reaching the Commissioner's final decision–the ALJ's 2006 decision.[3]

---

[3]I have not considered whether the new evidence is material and was likely to make a difference in the Commissioner's decision. *See, e.g., Gartman v. Apfel*, 220

*Sentence Four or Sentence Six Remand*

Errors of law require the reviewing court to reverse the Commissioner's final decision and award benefits or remand. Here remand is appropriate because this is not the rare case where the record overwhelmingly supports the award of benefits. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000.) However, determination that I must remand does not resolve the question whether that remand should be pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). Though the Commissioner has moved for sentence six remand, that does not mean that a sentence six remand is authorized. *Cf. Buckner*, 213 F.3d at 1010-11 (considering whether district court erred in granting sentence six, rather than sentence four, remand). I must consider whether sentence six provides authority for the remand the Commissioner seeks. I find that it does not and will remand pursuant to sentence four.

A reviewing court's authority to remand must come from either sentence four or sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99-102 (1991). Sentence four provides that "[t]he court shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four). By contrast, sentence six is more limited. It provides as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social

---

F.3d 918, 922(8th Cir. 2000) (when Appeals Council denied review after considering "additional evidence," yet it was unclear whether particular evidence had been considered by Appeals Council, reviewing court remanded for consideration of the particular evidence since that evidence, if credited, might persuade the ALJ that the claimant could not return to past relevant work).

> Security for further action by the Commissioner of Social Security, and *it may at any time order additional evidence to be taken before the Commissioner of Social Security*, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g) (sentence six). In short, there are two types of sentence six remands: "(1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." *Buckner*, 213 F.3d at 1010.

I first consider whether sentence six remand is authorized on the facts before me. Here, the Commissioner sought remand *after*, not before, he filed an answer. So the first type of sentence six remand is not authorized. Neither is the second type of sentence six remand. The Commissioner seeks remand for consideration of evidence that is not "new" within the meaning of the second type of sentence six remand. The second type of sentence six remand is "appropriate where the district court learns of evidence *not in existence or available to the claimant at the time of the administrative proceeding* that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (emphasis added). The Commissioner has admitted that the evidence to be considered upon remand was timely submitted to the Appeals Council by Plaintiff. (Filing 29-2 ¶ 3(c).) Since this evidence existed at the time of the Appeals Council decision, it is not "new" within the meaning of the second type of sentence six remand.

Although it is not clear, it appears that the second type of sentence six remand is not authorized for the additional reason that it is sought by the Commissioner. The Court in *Melkonyan* characterized the two types of sentence six remands as those on motion by the government made before an answer and those made pursuant to a

motion made after answer. 501 U.S. at 100. Though the question of whether the government could move for remand after it filed an answer was not before the Court, language in the opinion indicates that only the claimant may move for remand after an answer has been filed. The Court stated that "[u]nder sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's[4] decision, but only if *the claimant* shows good cause for failing to present the evidence earlier." *Id.* (emphasis added).

I have determined that there was legal error in the Commissioner's decision, will reverse the decision of the Commissioner , and will remand to the Commissioner. My determination is equivalent to "evaluating the propriety of the Commissioner's denial of benefits," and "sufficiently implicates the merits of the Commissioner's decision" such that remand pursuant to sentence four is authorized. *Buckner*, 213 F.3d at 1010.[5]

On remand, the Commissioner should consider the additional evidence timely submitted to but not considered by the Appeals Council. (Filing 22, CM/ECF pages 10 - 33). The Commissioner must determine the import of that evidence, but may wish to reconsider whether the ALJ was correct to discount the first opinion of Dr. Kenik in light of the treating relationship that developed after that opinion and the

---

[4]In 1991, the Secretary of Health and Human Services had authority over social security applications. That authority has been transferred to the Commissioner of Social Security Administration.

[5]Therefore, Plaintiff is probably entitled to attorneys' fees for this remand. *See*, *e.g.*, *Sorich v. Shalala*, 838 F. Supp. 1354, 1357-59 (D. Neb. 1993) (noting that a plaintiff who obtained a sentence four remand was a prevailing party for purposes of Equal Access to Justice Act attorney's fees and that the governnment's position was not substantially justified when it sought remand only after filing an answer asserting that the ALJ's decision was supported by substantial evidence) (*citing Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)).

later opinion of Dr. Kenik. He may also wish to consider whether continued reliance on the 2002 views of his medical consultant, expressed before Plaintiff was definitively diagnosed with fibromyalgia, is appropriate.

For the foregoing reasons,

IT IS ORDERED:

1. The Commissioner's motion to remand (filing 26) is granted to the extend that I grant remand, but denied to the extent that it seeks remand pursuant to sentence six of 42 U.S.C. § 405(g);

2. The decision of the Commissioner is reversed and this action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for consideration of the additional evidence timely submitted to but not considered by the Appeals Council; and

3. Judgment shall be entered by separate order.

April 29, 2008.                         BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge